**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARTHUR CORNELL; et al., | No. 13-35746 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-00964-MO |
| v. | |
| NORTH WASCO COUNTY SCHOOL DISTRICT NO. 21, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted July 9, 2015
Portland, Oregon

Before: PREGERSON, N.R. SMITH, and OWENS, Circuit Judges.

Plaintiffs-Appellants, six retired teachers, appeal from the district court's

denial of their motion for judgment as a matter of law and/or a new trial following

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

a jury verdict in favor of Defendant-Appellee North Wasco County School District No. 21. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The jury rejected Plaintiffs' claims under the Age Discrimination in Employment Act, finding that Plaintiffs failed to prove that the school district's decision not to rehire them was because of age. Plaintiffs argue, however, that a policy adopted by the school district in 2008 facially violates the ADEA by limiting employment opportunities of older teachers who are receiving pensions. Plaintiffs' argument fails because the school district's policy categorizes by pension status, and the Supreme Court has held that a pension status categorization is not facially impermissible, even if it is correlated with age. *Kentucky Ret. Sys. v. EEOC*, 554 U.S. 135, 142-48 (2008); *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 608-11 (1993).

Plaintiffs argue that their discrimination claims survive under *EEOC v. Local 350, Plumbers & Pipefitters*, 998 F.2d 641 (9th Cir. 1993). Assuming without deciding that *Local 350* remains good law, it does not save Plaintiffs' claims. In *Local 350*, this court reversed the *grant of summary judgment* so that the EEOC could attempt to articulate a viable theory of discrimination. *Id.* at 648 n.2. Here, by contrast, the district court *denied summary judgment* and allowed Plaintiffs to argue their discrimination claims to a jury, which found against them.

2

Furthermore, this court reasoned in *Local 350* that the EEOC might be able to pursue a disparate impact theory, *id.*, whereas here, Plaintiffs did not allege a disparate impact theory in their complaint, did not pursue such a theory at trial, and did not articulate such a theory in their briefs on appeal.

Plaintiffs also contend that the district court abused its discretion in its jury instructions. However, district courts are always afforded "substantial latitude in tailoring jury instructions," *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883, 917 (9th Cir. 2008), and the district court did not abuse its discretion here, because the jury instructions "fairly and adequately covered the issues presented, correctly stated the law, and were not misleading," *Wall Data Inc. v. Los Angeles Cnty. Sheriff's Dept.*, 447 F.3d 769, 784 (9th Cir. 2006). Moreover, the jury was unambiguously instructed that if it found that any plaintiff was not rehired because of age, a verdict in favor of that plaintiff was required, and the jury's verdict form answered only one question, finding that no plaintiff had established age discrimination. Therefore, even if the district court erred in giving or rejecting a jury instruction, any error was harmless. *See Wall Data*, 447 F.3d at 784, 786-87.

**AFFIRMED.**